UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT
Case No. 22-2210

MEGAN DANIELS,
CHRIS DANIELS and
BETSY DANIELS,

      Plaintiffs-Appellants,

v.

UNITED HEALTHCARE SERVICES, INC. and
UNITED BEHAVIORAL HEALTH,

      Defendants-Appellees.

**On Appeal from U.S. District Court (W.D.-Wis.) Case No. 3:19-cv-1038
The Honorable William M. Conley Presiding**

**REPLY BRIEF OF PLAINTIFFS-APPELLANTS,
MEGAN DANIELS, CHRIS DANIELS AND BETSY DANIELS**

GINGRAS, THOMSEN & WACHS
Robert J. Gingras
WI State Bar No. 1002909
Lynn R. Laufenberg
WI State Bar No. 1016236
8150 Excelsior Drive
Madison, WI 53717
Phone: 608-833-2632
Fax: 608-833-2874
gingras@gtwlawyers.com
laufenberg@gtwlawyers.com
Attorneys for Plaintiffs-Appellants

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ........................................................................................ II

**ARGUMENT** ................................................................................................................. 1

    **I.   UNITED HEALTHCARE CITES NO CONTROLLING WISCONSIN AUTHORITY SUPPORTING ITS CONTENTION THAT IT CANNOT BE HELD ACCOUNTABLE UNDER WISCONSIN LAW FOR ITS BAD FAITH CONDUCT IN DENYING THE BENEFITS OWING TO THE DANIELS.** ........................................................................................... 1

    **II.  THE NON-WISCONSIN AUTHORITIES RELIED UPON BY UNITED HEALTHCARE ARE NOT CONTROLLING AND ARE LEGALLY AND FACTUALLY DISTINGUISHABLE.** ........................................................ 5

    **III. THAT UNITED HEALTHCARE IS LIABLE UNDER WELL-ESTABLISHED WISCONSIN AGENCY LAW IS NOT A "NEW ARGUMENT."** ..................................................................................................... 8

    **IV. WHETHER UNITED HEALTHCARE SHOULD BE ACCOUNTABLE FOR STATUTORY OR COMMON LAW INTEREST SHOULD BE DETERMINED ON A MORE COMPLETE RECORD.** .................................. 10

**CONCLUSION** ........................................................................................................... 11

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT** ................... 13

## TABLE OF AUTHORITIES

Page
CASES

*Anderson v. Continental Insurance Co.*,
   85 Wis. 2d 675, 271 N.W. 2d 368 (1978) ................................................................... 1, 3

*Aslakson v. Gallagher Bassett Services*,
   2007 WI 39, 300 Wis.2d 92, 729 N.W.2d 712) ................................................... 2, 3, 7, 9

*Baires v. State Farm Mut. Auto. Ins. Co.*,
   231 F. Spp. 3d 299 (E.D. Wis. 2017) ................................................................................ 5

*Brethorst v. Allstate Prop. & Cas. Ins. Co.*,
   2011 WI 41, 334 Wis. 2d 23, 798 N.W. 2d 467 ........................................................... 1, 3

*Coleman v. American Universal Insurance Co.*,
   86 Wis. 2d 615, 273 N.W. 2d 22 (1979) ...................................................................... 2, 3, 7

*Danner v. Auto-Owners Ins.*,
   2001 WI 90, 245 Wis. 2d 49, 629 N.W. 2d 159 ........................................................... 1, 3

*De Dios v. Indem. Ins. Co. of N. Am.*,
   927 N.W.2d 611 (Iowa 2019) ............................................................................................ 7

*DeChant v. Monarch Life Ins. Co.*,
   200 Wis.2d 559, 572-73, 547 N.W.2d 592, 610 (1996) ................................................. 10

*DeMarco v. Keefe Real Estate, Inc.*,
   2014 WI App 16, ¶21 n. 2, 352 Wis.2d 573, 842 N.W.2d 536 ......................................... 4

*Diversatek, Inc. v. QBE Ins. Corp.*,
   2010 U.S. Dist. Lexis 126313 (2010) ............................................................................... 6

*Erwin Meat Co. v. Blacketer*,
   86 Wis. 23d 683, 692, 273 N.W. 2d 285 (1979) .............................................................. 8

*Grant v. State Farm Fire & Cas. Co.*,
   2022 U.S. Dist. LEXIS 46418 (W.D. Wis. 2022) ............................................................. 5

*Green v. Heritage Mut. Ins. Co.*,
   2002 WI App 297, 258 Wis.2d 843, 655 N.W.2d 147 ..................................................... 7

*Greenberg v. Heritage Mut. Ins. Co.,*
   492 N.W.2d 147 (Wis. 1992) .................................................................................. 6

*Kontowicz v. American Standard Ins. Co.,*
   2006 WI 48, ¶ 47, 290 Wis.2d 302, 714 N.W.2d 105 ............................................ 10

*Kranzush v. Badger State Mut. Cas. Co.,*
   103 Wis. 2d 56, 73, 307 N.W.2d 256 (1981) ................................................... 1, 3, 4

*Lawson v. Sun Microsystems, Inc.,*
   791 F.3d 754, 761 (7th Cir. 2015) ........................................................................ 10

*Lueck v. Aetna Life Ins. Co.,*
   116 Wis. 2d 199, 222 N.W. 2d 628 (1984) ...................................................... 3, 7, 8

*McEvoy Finn v. Group Health Cooperative of Eau Claire,*
   213 Wis.2d 507, 570 N.W.2d 397, 403 (1997) ................................................ 2, 3, 4

*Pisciotta v. Old Nat'l Bancorp,*
   499 F.3d 629, 635 (7th Cir. 2007) .......................................................................... 5

*Poling v. Wisconsin Physicians Service,*
   120 Wis. 2d 603, 357 N.W. 2d 293 (Wis. App. 1984) ..................................... 2, 3, 4

*Reno v. Allstate Prop. & Cas. Ins. Co.,*
   2020 U.S. Dist. LEXIS 118656 (W.D. Wis. 2020) ................................................ 5

*Roehl Transp., Inc. v. Liberty Mut. Ins. Co.,*
   2010 WI 49, 325 Wis.2d 56, 784 N.W.2d 542 ................................................ 1, 2, 3

*Wilkinson v. State Farm Fire & Cas. Co.,*
   2015 U.S. Dist. LEXIS 1878 (E.D. Wis. 2015) ..................................................... 5

*Williams v. Travelers Home & Marine Ins. Co.,*
   402 F.Supp.3d 499 (2019) ...................................................................................... 5

## STATUTES

Wis. Stats. § 809.23(3)(b) ............................................................................................. 4
Wis. Stats., § 628.46 .................................................................................................... 10

## OTHER AUTHORITIES

*Restatement (Third) of Agency,* § 7.01 (2006) ............................................................ 7

## ARGUMENT

I. **UNITED HEALTHCARE CITES NO CONTROLLING WISCONSIN AUTHORITY SUPPORTING ITS CONTENTION THAT IT CANNOT BE HELD ACCOUNTABLE UNDER WISCONSIN LAW FOR ITS BAD FAITH CONDUCT IN DENYING THE BENEFITS OWING TO THE DANIELS.**

United Healthcare persists in its contention that accountability for bad faith denial of benefits under Wisconsin law is limited to those with a direct contractual relationship with the beneficiary or with ultimate responsibility for payment. However, none of the Wisconsin cases relied upon by United Healthcare support that contention because they do not address that issue. To the contrary, when presented with the direct issue Wisconsin courts have consistently held that accountability for bad faith denial of insurance-type benefits extends to entities assuming responsibility for determining eligibility, including third-party administrators.

The Daniels acknowledge that, as established by *Anderson v. Continental Insurance Co.,* 85 Wis. 2d 675, 271 N.W. 2d 368 (1978) and reinforced by *Roehl Transp., Inc. v. Liberty Mut. Ins. Co.*, 2010 WI 49, 325 Wis.2d 56, 784 N.W.2d 542, *Danner v. Auto-Owners Ins.,* 2001 WI 90, 245 Wis. 2d 49, 629 N.W. 2d 159, *Kranzush v. Badger State Mut. Cas. Co.,* 103 Wis. 2d 56, 73, 307 N.W.2d 256 (1981) and *Brethorst v. Allstate Prop. & Cas. Ins. Co.,* 2011 WI 41, 334 Wis. 2d 23, 798 N.W. 2d 467, the tort of bad faith initially arose from and has its most frequent application to the unique relationship established by an insurance contract. However, to say that "privity of contract" is an essential prerequisite

to accountability for bad faith denial of insurance-type benefits is a gross misstatement of Wisconsin law. As pointed out in *Roehl*:

> No Wisconsin case holds that the three types of bad faith claims previously recognized are the only situations in which a claim of insurance bad faith may be recognized. …
>
> A review of the history of the tort reveals an evolution of the tort of bad faith over the decades. … The common-law history of insurance bad faith claims in this state requires the court to analyze the facts of the claim presented and determine whether the established principles of the tort of bad faith support recognizing the claim presented as a valid cause of action.

2010 WI at ¶¶ 36, 37.

As recited in *Roehl* and pointed out in the Daniels' principal brief, Wisconsin courts have extended the bad faith tort remedy beyond the traditional commercial insurance relationship to include the relationships established by statute (*Coleman v. American Universal Insurance Co.,* 86 Wis. 2d 615, 273 N.W. 2d 22 (1979) and *Aslakson v. Gallagher Bassett Services,* 2007 WI 39, 300 Wis.2d 92, 729 N.W.2d 712) and employer-sponsored benefit plans (*McEvoy Finn v. Group Health Cooperative of Eau Claire*, 213 Wis.2d 507, 570 N.W.2d 397, 403 (1997) and *Poling v. Wisconsin Physicians Service,* 120 Wis. 2d 603, 357 N.W. 2d 293 (Wis. App. 1984)). Central to these relationships is the "power imbalance similar to that between a classical insurer and policyholder." *McEvoy* at 520.

United Healthcare does not and cannot contend that the relationship established by the School District of South Milwaukee Plan does not give rise to a duty of good faith and fair dealing under Wisconsin law. The question presented on this appeal – whether a third-

party administrator of such a plan can be held accountable for violation of this duty – was simply not addressed or decided by *Anderson*, *Roehl*, *Kranzush*, *Brethorst* and *Danner*.

As pointed out in the Daniels' principal Brief, that question has been consistently answered in the affirmative by the courts in *Lueck v. Aetna Life Ins. Co.,* 116 Wis. 2d 199, 222 N.W. 2d 628 (1984), *McEvoy*, *Poling*, *Coleman* and *Aslakson*. In none of those cases was there a direct contractual relationship between the claimant/beneficiary and the party charged with determining eligibility for statutory or plan benefits. In *Lueck*, *McEvoy* and *Aslakson* the courts expressly rejected a contention that the "agent" of the party with ultimate responsibility for paying benefits should not be held accountable for its violation of the duty of good faith and fair dealing.

United Healthcare's attempts to distinguish these decisions are non-availing. While *Lueck* was overruled on other grounds and has not been affirmatively cited in this context, the Supreme Court's statement of law concerning the bad faith liability of a third-party administrator of an employer benefit plan under agency principles has never been disavowed or overruled. That it reflects the consistent view of the Wisconsin Supreme Court is reflected by the decision in *Aslakson* where the Court expressly held:

> It is also contrary to public policy to deny an injured employee relief against the Department's *agent* for a separate and distinct injury allegedly caused by its intentional tort of bad faith.

2007 WI 39 at ¶85 (emphasis added).

Nor does the fact that *Coleman* and *Aslakson* arose in the context of a worker's entitlement to benefits established by statute afford a basis for dismissing those cases as controlling precedent on the issue presented by this appeal. As pointed out in *Roehl* and

3

*Kranzush*, the similarity of the relationship established by statute to that created by commercial insurance justified the public policy determination that bad faith tort liability was required to remedy wrongful denial of benefits – and to extend that liability to the agent whose wrongdoing actually caused the additional injury.

Likewise, there is no basis for distinguishing the rejection by the Court in *McEvoy* of the contention that "the tort of bad faith pertains only to insurance companies." Contrary to United Healthcare's contention, there was no direct contractual relationship between the employee and the HMO, Group Health, in *McEvoy*. Rather, the minor plaintiff was simply a beneficiary of the plan issued by Group Health to the government entity employing the plaintiff's mother. Similarly, in *Poling* the defendant Wisconsin Physicians Service, was the administrator of the State of Wisconsin's employee group health insurance policy. The fact that Wisconsin Physicians Service did not advance lack of "privity" as a basis for avoiding accountability for its bad faith conduct speaks volumes about the settled state of Wisconsin law on that point.

The only Wisconsin case cited by United Healthcare for the proposition that a third-party administrator cannot be held accountable in bad faith is *DeMarco v. Keefe Real Estate, Inc.*, 2014 WI App 16, ¶21 n. 2, 352 Wis.2d 573, 842 N.W.2d 536. Because that is an unpublished decision, it has no precedential value under Wisconsin law. Wis. Stats. § 809.23(3)(b). Moreover, the case is factually distinguishable and United Healthcare fails to provide the full context of the footnote it relies on:

> And we find no basis for [the plaintiff's] *underdeveloped* claims that ACE can be held liable due to its role as a claim administrator or under a theory of third-party administrator bad faith."

4

(emphasis added). Rejection of an "underdeveloped" argument in an unpublished opinion hardly stands as precedent on which to deny the Daniels' claim.

## II. THE NON-WISCONSIN AUTHORITIES RELIED UPON BY UNITED HEALTHCARE ARE NOT CONTROLLING AND ARE LEGALLY AND FACTUALLY DISTINGUISHABLE.

Because controlling Wisconsin authority requires reversal, there is no reason in this diversity case to "examine the reasoning of courts in other jurisdictions addressing the same issue." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 635 (7th Cir. 2007). Moreover, most of the District Court decisions cited by United Healthcare at pages 11 & 12 of its Brief (*Grant v. State Farm Fire & Cas. Co.*, 2022 U.S. Dist. LEXIS 46418 (W.D. Wis. 2022); *Baires v. State Farm Mut. Auto. Ins. Co.*, 231 F. Spp. 3d 299 (E.D. Wis. 2017); and *Wilkinson v. State Farm Fire & Cas. Co.*, 2015 U.S. Dist. LEXIS 1878 (E.D. Wis. 2015); *Sherman Creek Condos. Inc.*, 2022 U.S. Dist. LEXIS 35791 (E.D. Wis. 2022) and *Reno v. Allstate Prop. & Cas. Ins. Co.*, 2020 U.S. Dist. LEXIS 118656 (W.D. Wis. 2020)) simply recite the general rules applicable to bad faith liability in the commercial insurance context and do not address the question of liability on the part of a third-party administrator.

Those cases cited by United Healthcare at pp. 13 – 14 for the proposition that "(t)here is no exception to Wisconsin's privity requirement for bad faith claims against 'third-party administrators" are non-controlling and are factually and legally distinguishable. *Williams v. Travelers Home & Marine Ins. Co.*, 402 F.Supp.3d 499 (2019) and *Wilkinson v. State Farm Fire & Cas. Co.*, 2015 U.S. Dist. Lexis 1878 (2015) arose from claims for hailstorm and fire loss damage under policies of homeowners insurance.

5

The plaintiffs asserted claims for bad faith against the insurer and the agents responsible for adjusting the claims. The courts granted the agents' motions to dismiss on the ground that, under these circumstances, insurance adjusters cannot be held personally liable for actions taken within the scope of their duties.

The relationship between a policy holder and the insurer in the adjustment of a property damage claim is wholly different than the relationship between a benefit provider and beneficiary. Likewise, the process of adjusting a property damage claim is distinctly different from the active administration of an employee benefit plan on behalf of the sponsor by a third-party which has, like United Healthcare, been delegated the responsibility for determining eligibility for benefits.

*Diversatek, Inc. v. QBE Ins. Corp.*, 2010 U.S. Dist. Lexis 126313 (2010), involved a breach of contract and bad faith claim by the sponsor of an employee benefit plan against a "stop loss" insurer and its agent, SLG, for failing to reimburse it for medical bills paid on behalf of one of the beneficiaries of the plan. The court held that because SLG was not a party to the contract between Diversatek and QBE, it could not be held liable for bad faith. Significantly, however, SLG was NOT the third-party administrator of the plan. Rather, it simply processed claims for reimbursement by the plan under the stop loss policy.

Similarly, the cases cited at page 20 of United Healthcare's brief are distinguishable on their facts and the legal principles underlying those decisions. *Greenberg v. Heritage Mut. Ins. Co.,* 492 N.W.2d 147 (Wis. 1992), involved an attempt to hold an insurance agent liable in tort for negligence in soliciting and securing a policy of title insurance. Following established precedent concerning the unique nature of the title insurance relationship, the

court held that the insured's remedy was limited to a claim based on the insurance contract which was ultimately issued. It pointed out that there is no duty outside the contract in the absence of statute or a "special relationship" between the parties. Of course, the duty of good faith and fair dealing with which we are concerned here *does* arise from the "special relationship" established by the insurance relationship. *Green v. Heritage Mut. Ins. Co.*, 2002 WI App 297, 258 Wis.2d 843, 655 N.W.2d 147, simply recites the general rule that an agent of a disclosed principle will not be liable for breach of contract.

*De Dios v. Indem. Ins. Co. of N. Am.*, 927 N.W.2d 611 (Iowa 2019), applied Iowa law in determining that the common law cause of action for bad faith could not be asserted against the third-party administrator of a workers compensation policy. In this respect, it reached a conclusion different from that reached by the Wisconsin Supreme Court in *Aslakson*. Of interest is that the dissent in *De Dios* referenced the "well-reasoned" decisions *Coleman* and *Aslakson* and decried the "notion of privity" as a basis for denying accountability of the third-party administrator for its wrongful conduct. 927 N.W.2d at 631. Like the Wisconsin Supreme Court in *Lueck*, the dissent referenced the principle, reflected by *Restatement (Third) of Agency,* § 7.01 (2006), that "(a)n agent is subject to liability to a third party harmed by the agent's tortious conduct." 927 N.W.2d at 633. Consequently, it is clear that Wisconsin has followed a different path than that reflected by the "majority" of jurisdictions addressing this issue.

### III. THAT UNITED HEALTHCARE IS LIABLE UNDER WELL-ESTABLISHED WISCONSIN AGENCY LAW IS NOT A "NEW ARGUMENT."

The Wisconsin Supreme Court in *Lueck* held that a third-party administrator of an employee benefit plan "has the same fiduciary duty" as the plan sponsor and "may still be held liable if, in the administration of the claim, the administrator independently engages in conduct actionable under the tort of bad faith." 116 Wis. 2d at 577, 342 N.W. 2d at 727. The Daniels pointed out that this holding was entirely consistent with established Wisconsin law that "(a) corporate agent cannot shield himself from personal liability for a tort he personally commits or participates in by hiding behind the corporate entity." *Erwin Meat Co. v. Blacketer*, 86 Wis. 23d 683, 692, 273 N.W. 2d 285 (1979). United Healthcare's contention that this represents a "new argument" is wholly without merit

Contrary to United Healthcare's assertion, the Daniels have consistently asserted that as third-party administrator with authority to determine eligibility for benefits, United Healthcare should be held accountable for its wrongful conduct. As reflected by the allegations of the Amended Complaint, United Healthcare made all the decisions which led to the denial of the Daniels' claim.  Accordingly, it is the wrongful conduct of United Healthcare, not the Plan, which is and should be the focus of this lawsuit.

In their Amended Complaint, the Daniels alleged that "Upon information and belief, Defendants UHC and/or UBH carry decision-making authority in awarding benefits under the Plan." Dkt # 12, ¶14. While the Daniels initially believed that UHC was the "insurer," it became apparent to all concerned that UHC was, instead, the third-party administrator of the Plan. United Healthcare expressly argued in support of its Motion to Dismiss that

because it was simply the Plan's agent and there was no "privity of contract" between it and the Daniels, it could not be held liable for either breach of contract or in bad faith.

In response to these arguments, the Daniels cited *Aslakson*, pointing out that the court:

> held specifically that an insured <u>could</u> bring a bad-faith claim against that third-party administrator for bad faith in handling of the beneficiary's claim for benefits. … In so holding, the Court wrote approvingly of the public policy interest in imposing tort liability on an agent for the agent's bad faith, noting that doing so would serve the deterrent goal of tort law. … The Court explained, "imposing tort liability on the … agent for bad faith supports public policy and deterrent goal of tort law." .. The court also remarked on the hazard of imposing no duty on a party making benefits determinations.

Daniels' Brief in Opposition to United Healthcare's Motion to Dismiss, Dkt # 23, p. 9. In its Reply brief, United Healthcare argued that *Aslakson* did not stand as authority because it "arose in the context of a government-funded worker's compensation program and was decided based on the specific language of the pertinent worker's compensation statutes and regulations…." United Healthcare Reply Brief, Dkt # 24, p. 7. The District Court adopted this argument. Opinion and Order, Dkt # 40, p. 10.

As the Respondents on United Healthcare's Motion, the Daniels did not have an opportunity to present further authority in the District Court to demonstrate that *Aslakson* does not represent an aberration in Wisconsin law but, instead, is wholly in line with the evolution of the common law tort of bad faith and established Wisconsin agency law. Consequently, the decisions which United Healthcare seeks to have this court ignore represent additional and supplemental authority in support of arguments clearly advanced before the District Court. As this Court has stated, "no rule prohibits appellate amplification

9

of a properly preserved issue." *Lawson v. Sun Microsystems, Inc.*, 791 F.3d 754, 761 (7th Cir. 2015).

### IV. WHETHER UNITED HEALTHCARE SHOULD BE ACCOUNTABLE FOR STATUTORY OR COMMON LAW INTEREST SHOULD BE DETERMINED ON A MORE COMPLETE RECORD.

In Paragraph 4 of their Amended Complaint, the Daniels allege that United Healthcare is an "insurance company operating within the state of Wisconsin." Amended Complaint, Dkt # 12. In addition, United Healthcare represented itself in communications to the Daniels to be an insurance company. Amended Complaint, Dkt #12, Paragraphs 13 and 38. These allegations are taken as true for purposes of United Healthcare's Motion to Dismiss.

The Daniels concede that no Wisconsin case expressly holds an "insurer" acting as third-party administrator of an employer health benefit plan accountable for interest under Wis. Stats., § 628.46. Such accountability would, however, be consistent with the purpose of the statute which is to "discourage insurance companies from creating unnecessary delays in paying claims owed." *Kontowicz v. American Standard Ins. Co.*, 2006 WI 48, ¶ 47, 290 Wis.2d 302, 714 N.W.2d 105. Because this issue was not fully briefed in the District Court, the Daniels propose that the better course is to defer a definitive ruling on this issue until a more complete record is made of United Healthcare's status on remand.

Similarly, the plaintiff in a Wisconsin bad faith action is entitled to recover all damages proximately resulting from an insurer's bad faith. *DeChant v. Monarch Life Ins. Co.,* 200 Wis.2d 559, 572-73, 547 N.W.2d 592, 610 (1996). It will remain to be determined on

remand the extent to which the Daniels have experienced the loss of the "time value" of amounts spent in lieu of the denied benefits. That outcome is consistent with the result in *Roy v. Forest Cty. Potawatomi Grp. Health, Dental, Vision & Short Term Disability Plan,* 2005 U.S. Dist. LEXIS 35279, at 14 (E.D. Wis. 2005), cited by United Healthcare for the proposition that statutory interest is not available for denial of health plan benefits. The court in *Roy* ruled that even though the statute did not apply, an award of interest at the "prime" rate was required to make the plaintiffs whole "which is one of ERISA's central goals."

## CONCLUSION

For the reasons stated here and in the principal Brief, it is respectfully submitted that the Order and Judgment of the District Court dismissing the Daniels' bad faith claim against United Healthcare must be reversed. While the dismissal of the breach of contract claim may be affirmed, the Daniels retain the right to assert the value of denied benefits, and all other economic losses incurred, as elements of their bad faith damage claim. The determination of the applicability of Wis. Stats. § 628.46 interest claim should deferred pending the development of a more complete record on remand.

Dated this 30th day of December, 2022.

                        GINGRAS, THOMSEN & WACHS

                        s/ Robert J. Gingras
                        Robert J. Gingras
                        WI State Bar No. 1002909
                        Lynn R. Laufenberg
                        WI State Bar No. 1016236
                        8150 Excelsior Drive
                        Madison, WI 53717
                        Phone: 608-833-2632
                        Fax: 608-833-2874
                        gingras@gtwlawyers.com
                        laufenberg@gtwlawyers.com
                        Attorneys for Plaintiffs-Appellants

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT**

1. This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

X this document contains 3,055 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

X this document has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman font size 13.

Dated this 30th day of December, 2022.

        GINGRAS, THOMSEN & WACHS

        s/ Robert J. Gingras
        Robert J. Gingras
        WI State Bar No. 1002909
        Lynn R. Laufenberg
        WI State Bar No. 1016236
        8150 Excelsior Drive
        Madison, WI 53717
        Phone: 608-833-2632
        Fax: 608-833-2874
        gingras@gtwlawyers.com
        laufenberg@gtwlawyers.com
        Attorneys for Plaintiffs-Appellants